UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ANDRIA BORSODY,

    Plaintiff,

    v.

FEDEX GROUND,

    Defendant.

Case No. 24-2073-HLT-ADM

**ORDER**

This matter comes before the court on pro se plaintiff Andria Borsody's Motion for Leave to Amend Complaint. (ECF 42.) The motion is procedurally deficient because Borsody did not attach a copy of her proposed amended complaint, as required by D. Kan. Rule 15.1(a)(2). In addition, the motion was filed after the deadline set in the scheduling order for filing motions to amend pleadings. (*See* ECF 32, at 2.) As discussed in more detail below, the court denies the motion without prejudice to refiling. The court finds good cause to extend the scheduling-order deadline for any such refiled motion.

**I.    BACKGROUND**

On March 4, 2024, Borsody filed an employment-discrimination complaint, using the court's pre-approved form, against her former employer, defendant Federal Express Corporation ("FedEx"). (ECF 1.) The complaint appears to assert claims for (1) discrimination based on gender or sex; (2) discrimination based on disability (PTSD, depression, and anxiety); (3) retaliatory harassment for filing a workers' compensation claim; (4) failure to accommodate a disability; and (5) breach of contract. In response, FedEx filed a motion to partially dismiss Borsody's complaint under FED. R. CIV. P. 12(b)(6). (ECF 12.) Specifically, FedEx moved to

dismiss any claim for breach of contract, violation of 42 U.S.C. § 1981, failure to accommodate, and workers' compensation retaliation; it did not seek dismissal of any discrimination claim. Borsody responded to the motion to dismiss, and in her response brief alleged a number of facts not included in her complaint. (ECF 18.)

On August 5, presiding U.S. District Judge Holly L. Teeter granted FedEx's partial motion to dismiss. (ECF 33.) Judge Teeter recognized the additional facts Borsody alleged to support her claims, but noted the court could not look beyond the four corners of the complaint in deciding a Rule 12(b)(6) motion to dismiss. (*Id.* at 3.) Judge Teeter held that, as pled, the complaint failed to plausibly allege claims for failure to accommodate, violation of § 1981, workers' compensation retaliation, or breach of contract; and she dismissed those claims. (*Id.* at 4.) Judge Teeter noted, however, that the August 15 deadline set in the Scheduling Order (ECF 32) for motions seeking leave to amend pleadings had not yet passed. (ECF 33, at 4.) Judge Teeter explained that if Borsody "wishes to assert claims based on the additional factual allegations that she included in her response . . . she needs to file a compliant motion for leave to amend by August 15 and attach to that motion a proposed amended complaint that includes all her claims and the facts that support each claim." (*Id.*)

On August 13, Borsody filed a motion for reconsideration of the order granting FedEx's partial motion to dismiss. (ECF 35.) Borsody argued that her complaint "adequately stated claims for failure to accommodate, worker's compensation retaliation, violation of § 1981, and breach of contract." (*Id.* at 1.) Judge Teeter denied the motion on September 9. (ECF 40.) That same day, Borsody filed the present motion for leave to amend complaint. (ECF 42.)

## II.     ANALYSIS

When, as here, the scheduling-order deadline for motions to amend has expired, the party seeking leave to amend must first demonstrate good cause to modify the scheduling order before the court will consider whether the party has satisfied the standards for amendment. *Gorsuch, Ltd., B.C. v. Wells Fargo Nat. Bank Ass'n*, 771 F.3d 1230, 1240 (10th Cir. 2014). A scheduling order "may be modified only for good cause and with the judge's consent." FED. R. CIV. P. 16(b)(4). "In practice, this standard requires the movant to show the scheduling deadlines cannot be met despite the movant's diligent efforts." *Tesone v. Empire Mktg. Strategies*, 942 F.3d 979, 988 (10th Cir. 2019) (quoting *Gorsuch*, 771 F.3d at 1241). "Trial courts have considerable discretion in determining what kind of showing satisfies this good cause standard." *Id.* (quoting 3 JAMES WM. MOORE, MOORE'S FEDERAL PRACTICE - CIVIL § 16.14[1][b] (3d ed. 2019)). Courts usually find good cause "when the moving party has been generally diligent, the need for more time was neither foreseeable nor its fault, and refusing to grant the continuance would create a substantial risk of unfairness to that party." *Id.*

The court is satisfied that Borsody has demonstrated good cause to extend the scheduling-order deadline for seeking leave to amend. Borsody states that she "misunderstood" the procedural requirements to file a motion for leave to amend when she filed a motion for reconsideration of Judge Teeter's dismissal order. (ECF 49, at 3.) She asserts that when she realized her mistake—presumably when Judge Teeter denied her motion for reconsideration on September 9 (ECF 40)—she "promptly" filed her motion for leave to amend. (ECF 49, at 3.) Indeed, Borsody filed her motion for leave to amend the same day Judge Teeter denied reconsideration of the dismissal order. Borsody has been diligent in prosecuting this case. Particularly given Borsody's pro se status, the

court finds that refusing to grant an extension of the motion-to-amend deadline under these circumstances risks unfairness to Borsody. There is good cause to extend the deadline.

The court thus considers whether Borsody met the legal standards applicable to amendment. As Judge Teeter directed, D. Kan. Rule 15.1 "is the Court's local rule on motions to amend" and requires a movant to attach the proposed amended pleading to her motion. (ECF 33, at 4.) FedEx notes that Borsody did not attach a proposed amended complaint to her motion, which prevents FedEx (and the court) from discerning what claims Borsody seeks to add and from determining whether the addition of such claims would be futile because they would be subject to dismissal. (ECF 46, at 5-6.) For Borsody's part, she appears to be confused about what her proposed amended complaint should look like. She states that her proposed amended complaint is attached to her reply brief in support of her motion. (ECF 49, at 10.) However, the attachment referenced is simply a refiling of her motion for leave to amend. (ECF 49-1.) Although the motion does set forth three proposed claims (ECF 42, at 2) and additional factual allegations in support of those claims (*id.* at 3-4), it cannot stand in for a separate, comprehensive amended pleading. Thus, the court must deny Borsody's motion for leave to amend her complaint.

However, the court's denial will be without prejudice to refiling. In light of Borsody's pro se status, the court will give her one additional chance to file a compliant motion for leave to amend her complaint—i.e., one that has as an attachment a complete proposed amended complaint. The attached proposed amended complaint should be titled "Amended Complaint" or "Amended Employment Discrimination Complaint," and should clearly set forth <u>each and every</u> claim Borsody seeks to bring (including, if Borsody still wishes to pursue them, the discrimination claims Judge Teeter did not dismiss). It also should include all of the factual allegations Borsody offers in support of each and every claim. If the court grants Borsody's motion for leave to amend, then

4

the proposed amended complaint will become the operative pleading—in other words, the court will no longer consider what Borsody alleged in her original complaint or in her motion. The amended complaint will stand alone. For this reason, it is important that Borsody include <u>all</u> her claims and factual allegations in a single document. Borsody may prepare her amended complaint on the court's form employment discrimination complaint (as she did her original complaint), or she may create a new document that includes the case caption and the title "Amended Complaint." Again, the court stresses that whichever route Borsody chooses, the document must set forth her factual allegations and clearly delineate each and every claim she seeks to pursue moving forward.

The court extends the scheduling-order deadline for motions seeking leave to amend pleadings to **October 11, 2024**, to give Borsody an opportunity to file a new motion for leave to amend that attaches a proper proposed amended complaint. The court cautions Borsody that if she does not file a motion and proposed amened complaint by that deadline, the court is unlikely to allow amendment and the case will proceed on her discrimination claims alone.

**IT IS THEREFORE ORDERED** that plaintiff Andria Borsody's Motion for Leave to Amend Complaint (ECF 42) is denied without prejudice to refiling by **October 11, 2024**, as set forth above.

Dated September 26, 2024, at Kansas City, Kansas.

s/ Angel D. Mitchell  
Angel D. Mitchell  
U.S. Magistrate Judge