UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ANDRIA BORSODY,

    Plaintiff,

    v.

FEDERAL EXPRESS CORPORATION,

    Defendant.

Case No. 24-2073-HLT-ADM

**MEMORANDUM AND ORDER**
and
**REPORT AND RECOMMENDATION**

    Pro se plaintiff Andria Borsody brings this employment-discrimination action against her former employer, Federal Express Corporation ("FedEx"). The case is now before the court on Borsody's second Motion for Leave to Amend Complaint. (ECF 52.) By way of the motion, Borsody seeks to file an amended complaint that asserts claims for (Count I) gender discrimination, (II) disability discrimination, (III) failure to accommodate a disability, (IV) violation of 42 U.S.C. § 1981, (V) workers' compensation retaliation, and (VI) breach of contract. FedEx partially opposes the motion, arguing the court should deny leave to amend to assert proposed Counts I, IV, and VI because including them would be futile. For the reasons explained below, the court grants the motion to the extent Borsody seeks to assert claims for disability discrimination, failure to accommodate a disability, workers' compensation retaliation, and breach of contract. But the court recommends that the presiding district judge deny as futile the portion of the motion seeking to assert claims for gender discrimination and for violation of § 1981.[1]

---

[1] The court issues this portion of its decision by way of a report and recommendation because, to the extent the court denies a motion to amend solely on grounds of futility, the ruling

**I.   BACKGROUND**

On March 4, 2024, Borsody filed this action using the court's "Employment Discrimination Complaint" form. (ECF 1.) In response, FedEx filed a motion to partially dismiss the complaint under FED. R. CIV. P. 12(b)(6). (ECF 12.) On August 5, presiding U.S. District Judge Holly L. Teeter granted FedEx's partial motion to dismiss, holding that, as pled, the complaint failed to plausibly allege claims for failure to accommodate a disability, violation of § 1981, workers' compensation retaliation, and breach of contract; and she dismissed those claims. (ECF 33, at 4.) Judge Teeter noted that, although Borsody's response to the motion to dismiss included facts supporting these claims, the court was required to limit its analysis to the facts pled in the complaint itself. (*Id.* at 4.) Judge Teeter invited Borsody to file a motion for leave to amend her complaint with an attached proposed amended complaint that included all the "facts that support each claim." (*Id.*)

On September 9, Borsody filed a motion for leave to amend the complaint. (ECF 42.) The court denied the motion, without prejudice to being refiled, because Borsody had not attached a copy of her proposed amended complaint, as required by D. Kan. Rule 15.1(a)(2) and as directed by Judge Teeter. (ECF 51.) The court extended the scheduling-order deadline for motions seeking leave to amend pleadings to October 11 in order to give Borsody an opportunity to file a revised,

---

is considered dispositive. *See Gohier v. Enright*, 186 F.3d 1216, 1218 (10th Cir. 1999) ("The futility question is functionally equivalent to the question whether a complaint may be dismissed for failure to state a claim, a question this court reviews de novo."); *see, e.g.*, *Gardiner v. McBryde*, No. 15-3151-DDC-JPO, 2018 WL 6991101, at *1 n.3 (D. Kan. Oct. 5, 2018) (recommending the assigned district judge deny motion to amend as futile), *report and recommendation adopted*, No. 15-3151-DDC-JPO, 2018 WL 6715827 (D. Kan. Dec. 21, 2018); *Jackson v. Kan. Cnty. Ass'n Multiline Pool*, No. 03-4181-JAR, 2005 WL 3307215, at *1 (D. Kan. Dec. 6, 2005) (reviewing futility-based denial of motion to amend under de novo standard); *McCormick v. City of Lawrence, Kan.*, No. 02-2135-JWL, 2003 WL 158704, at *1 (D. Kan. Jan. 17, 2003) (same).

compliant motion for leave to amend. The court again explained to Borsody that her proposed amended complaint "should include all of the factual allegations Borsody offers in support of each and every claim." (*Id.* at 4.)

On September 30, Borsody filed the present motion for leave to amend her complaint. As noted above, the proposed amended complaint asserts six claims: gender discrimination, disability discrimination, failure to accommodate a disability, violation of 42 U.S.C. § 1981, workers' compensation retaliation, and breach of contract. (ECF 52-1.) FedEx takes no issue with the proposed claims for disability discrimination, failure to accommodate a disability, or workers' compensation retaliation, but argues that the proposed claims for gender discrimination, violation of § 1981, and breach of contract fail to state claims upon which relief can be granted, such that the court should deny their inclusion on the basis of futility.

## II.  LEGAL STANDARDS

When, as here, a party can no longer amend its pleading as a matter of course under Rule 15(a)(1), amendment is allowed "only with the opposing party's written consent or the court's leave." FED. R. CIV. P. 15(a)(2). "The court should freely give leave [to amend pleadings] when justice so requires." *Id.* In freely allowing leave to amend, the court provides litigants with "the maximum opportunity for each claim to be decided on its merits rather than on procedural niceties." *Warnick v. Cooley*, 895 F.3d 746, 755 (10th Cir. 2018) (quoting *Hardin v. Manitowoc–Forsythe Corp.*, 691 F.2d 449, 456 (10th Cir. 1982)). The court may only deny leave to amend for reasons such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of [the] amendment." *U.S. ex rel. Ritchie v. Lockheed Martin Corp.*, 558 F.3d 1161, 1166 (10th Cir. 2009) (alteration in original)

(quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).  Practically speaking, the party opposing a motion to amend generally bears the burden to demonstrate why the amendment should not be permitted.  *See Wilkerson v. Shinseki*, 606 F.3d 1256, 1267 (10th Cir. 2010) (in the absence of such a showing, amendment should be allowed).  Whether to grant leave to amend lies within the district court's discretion.  *Warnick*, 895 F.3d at 755.

Here, FedEx argues that the court should partially deny leave to amend because allowing some of the proposed claims would be futile.  "A proposed amendment is futile if the [claim], as amended, would be subject to dismissal."  *Jefferson Cty. Sch. Dist. No. R-1 v. Moody's Inv'r's Servs., Inc.*, 175 F.3d 848, 859 (10th Cir. 1999).  In this context, the court considers whether the amended complaint could withstand a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).  *See* 6 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1487 (3d ed.) (collecting cases).  To withstand dismissal under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  To satisfy this plausibility standard, the complaint must "provid[e] not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests."  *Robbins v. Oklahoma*, 519 F.3d 1242, 1248 (10th Cir. 2008) (quoting *Twombly*, 550 U.S. at 556 n.3).  This usually requires a recitation of the "time, place, or person" involved in the violation alleged.  *Id.* (quoting *Twombly*, 550 U.S. at 565 n.10).  Moreover, in analyzing whether dismissal is appropriate, the court must "accept the facts alleged in the complaint as true," *Mayfield v. Bethards*, 826 F.3d 1252, 1255 (10th Cir. 2016), but the court does not look beyond the complaint to facts a plaintiff only sets out in briefs offered in support of the complaint, *BV Jordanelle, LLC v. Old Republic Nat'l Title Ins. Co.*, 830 F.3d 1195, 1204-05 (10th Cir. 2016).

### III. ANALYSIS

FedEx asserts that Borsody's proposed claims for gender discrimination (Count I), violation of § 1981 (Count IV), and breach of contract (Count VI) fail to state claims upon which relief can be granted, such that including them in the amended complaint would be futile. The court considers each of these proposed claims in turn. In doing so, the court notes that, pursuant to the standards set forth above and explained in Judge Teeter's dismissal order (*see* ECF 33, at 3-4), the court does not consider facts alleged in Borsody's reply brief that are not included in the proposed amended complaint itself.[2]

#### A. Gender Discrimination (Count I)

The first claim Borsody's proposed amended complaint seeks to assert is gender discrimination in violation of Title VII, 42 U.S.C. § 2000e. Borsody pleads that she "identifies as female but dresses in a manner typically associated with male," and because of this gender presentation, FedEx gave her "unfair job assignments." (ECF 52-1, at 2.) FedEx concedes that Borsody has adequately pled that she is a member of a protected class, but argues that she makes only conclusory allegations of discrimination that are not adequate to state a claim for relief. Specifically, FedEx asserts that Borsody has not adequately "alleged that she was treated differently than others outside her protected class." (ECF 58, at 3.) The court agrees.

---

[2] Both the August 5 order granting partial dismissal and the September 27 order denying Borsody's first motion for leave to amend her complaint cautioned Borsody that her proposed amended complaint itself—not any briefs in support—must contain all the facts asserted in support of her claims. *See* ECF 33, at 4 (directing Borsody to "attach to that motion a proposed amended complaint that includes all her claims and the facts that support each claim"); ECF 51, at 4 ("[The proposed amended complaint] should include all of the factual allegations Borsody offers in support of each and every claim."), 5 ("[I]t is important that Borsody include all her claims and factual allegations in a single document.").

Borsody's only assertion of differential treatment is her statement that FedEx gave her "unfair job assignments." But this opaque reference is much too broad to give FedEx fair notice of the grounds on which this claim rests. It certainly gives no hint of the "who, what, or where" applicable to the claim. FedEx "would have little idea where to begin" in preparing an answer to this generalized allegation. *Twombly*, 550 U.S. at 565. Because Borsody has alleged no other facts in her proposed amended complaint that could support her gender-discrimination claim, its inclusion would be futile. Borsody's motion for leave to amend should be denied as to this claim.

### B.  Violation of § 1981 (Count IV)

Borsody's proposed amended complaint also seeks to reassert a claim for violation of 42 U.S.C. § 1981. In dismissing Borsody's original § 1981 claim, Judge Teeter noted, "a claim under § 1981 must be based on race. *Givens v. City of Wichita*, 2024 WL 1198503, at *22 (D. Kan. 2024)." (ECF 33, at 5). Judge Teeter observed, "There are no facts in the complaint that Plaintiff suffered any race-based discrimination or harassment." (*Id.* at 5-6.) Borsody's proposed amended complaint suffers from the same deficiency. It does not mention Borsody's race, nor set forth facts demonstrating race-based discrimination. Accordingly, it does not state a plausible § 1981 claim and would not withstand a motion to dismiss. The court therefore denies as futile Borsody's request to assert this claim in an amended complaint. Borsody's motion for leave to amend should be denied as to this claim.

### C.  Breach of Contract (Count VI)

Finally, Count VI of Borsody's proposed amended complaint seeks to assert a claim for breach of an implied employment contract. She contends that FedEx's "verbal agreements and written policies regarding workplace accommodations and workers' compensation processes" created a contract whereby FedEx promised to provide "[r]easonable accommodations as per

6

Plaintiff's doctor's orders" and "[p]roper handling of workers' compensation claims." (ECF 52-1, at 4.) Borsody then alleged that FedEx breached this contract in six specific ways.

FedEx notes that Borsody was an at-will employee and argues that its "personnel rules and internal policies . . . regarding workplace injuries and accommodations cannot form the basis of a breach of contract claim." (ECF 58, at 5.) The court disagrees that such a claim is clearly excluded as a matter of law. Under Kansas law, implied-in-fact contracts can be formed between an employee and employer. *Stover v. Superior Indus. Int'l, Inc.*, 29 P.3d 967, 970 (Kan. App. 2000) ("An implied-in-fact contract recognizes an implied obligation on the employer to not terminate an employee arbitrarily where a policy or program of the employer, either express or implied, restricts the employer's right of termination at will." (internal quotation and citation omitted)). When formed, such contracts represent an exception to Kansas's employment-at-will doctrine. *Id.* (recognizing that "[t]he employment-at-will doctrine . . . has gradually eroded" and that "an implied-in-fact contract" is an exception to the rule); *Allsup v. Mount Carmel Med. Ctr.*, 922 P.2d 1097, 1100 (Kan. App. 1996) ("Kansas recognizes an exception to the employment-at-will doctrine where there has been an implied agreement to the contrary."). The question of whether an employer's policies, either express or implied, created an implied-in-fact contract is generally one for the jury. *Stover*, 29 P.3d at 970. Thus, taking the allegations in the amended complaint as true, the court cannot say at this point that Borsody's proposed breach-of-contract claim is futile as a matter of law.[3] Moreover, although Borsody's facts pled in support of this claim are slim, the

---

[3] The court notes that this claim might be precluded by the alternative-remedies doctrine, but FedEx has not asserted the applicability of the doctrine and the court declines to address it on an undeveloped record. *See Clay v. UPS*, 983 F.Supp.2d 1331, 1345 (D. Kan. 2013) (ruling that "where a state or federal statute provides an adequate alternative remedy, state common law claims based on the same prohibited acts are precluded" and holding that Kansas breach-of-contract employment claim was precluded by Title VII and § 1981).

7

court finds them minimally sufficient to place FedEx on notice of the alleged contract claims at issue.  The court is mindful of Rule 15's dictate to freely give leave to amend.  Because Borsody's proposed breach-of-contract claim is not clearly futile and FedEx may re-assert its arguments in a dispositive motion, the court exercises its discretion to grant Borsody leave to include this claim in her amended complaint.  Borsody's motion for leave to amend is granted as to this claim.

## IV. CONCLUSION

Borsody is granted leave to file an amended complaint that includes her proposed claims, exactly as written, for disability discrimination, failure to accommodate a disability, workers' compensation retaliation, and breach of contract.  **The filed amended complaint may only include those four claims and must be nearly identical to her proposed amended complaint that is filed on the record as ECF 52-1.  The only changes Borsody may make to that document before filing it as an amended complaint are to delete the claims for gender discrimination and for violation of 42 U.S.C. § 1981**.  She also may renumber the remaining claims sequentially.

**IT IS THEREFORE ORDERED** that Borsody's Motion for Leave to Amend Complaint (ECF 52) is granted to the extent Borsody seeks leave to assert claims for disability discrimination, failure to accommodate a disability, workers' compensation retaliation, and breach of contract, as well as factual allegations related to the same.  Borsody must file her Amended Complaint (including only these four claims) as a separate docket entry within **7 calendar days** from the date of this order.

**IT IS ALSO RECOMMENDED** that Judge Teeter deny Borsody's Motion for Leave to Amend Complaint (ECF 52) to the extent Borsody seeks leave to assert claims for gender discrimination and for violation of 42 U.S.C. § 1981.  Pursuant to 28 U.S.C. § 636(b)(1), FED. R.

CIV. P. 72(b)(2), and D. Kan. Rule 72.1.4(b), the court informs Borsody that she may file specific written objections to this report and recommendation within fourteen days after being served with a copy.  If Borsody fails to file objections within the fourteen-day time period, no appellate review of the factual and legal determinations in this report and recommendation will be allowed by any court.  See *In re Key Energy Res. Inc*., 230 F.3d 1197, 1199-1200 (10th Cir. 2000).

Dated October 30, 2024, at Kansas City, Kansas.

s/ Angel D. Mitchell  
Angel D. Mitchell  
U.S. Magistrate Judge