IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ANDRIA BORSODY,

    Plaintiff,

    v.

FEDEX GROUND,

    Defendant.

Case No. 24-2073-HLT-ADM

**MEMORANDUM AND ORDER**

This matter comes before the court on pro se plaintiff Andria Borsody's Motion to Reschedule Deposition. (ECF 65.) Defendant Federal Express Corporation ("FedEx") noticed Borsody's deposition for November 20, 2024, and, by way of the current motion, Borsody asks the court to "reschedule" her deposition to December 20, 2024. For the reasons discussed below, the motion is denied.

I.    **BACKGROUND**

On March 4, 2024, Borsody filed this employment-discrimination action against FedEx, her former employer. (ECF 1.) The court held a scheduling conference on July 30, and that same day entered a scheduling order that set December 20 as the discovery deadline. (ECF 32.) The parties began, and are proceeding with, discovery.

On October 7, the court convened a discovery conference at FedEx's request to discuss disputes about certain discovery FedEx was seeking from Borsody. As set forth in more detail on the record, the court and parties discussed the scheduling of Borsody's deposition and whether a FedEx corporate representative was permitted to attend the deposition. (ECF 56.) After this discussion, the parties agreed to continue to meet and confer in an attempt to resolve the discovery

1

disputes. (*Id.*)  The parties now state that, thereafter, they attempted in good faith to find a mutually agreeable date for FedEx to depose Borsody, but these efforts failed.  (ECF 65, at 1; 75, at 2.)  On October 17, FedEx noticed Borsody's deposition for November 20.  (ECF 61.)  On October 25, Borsody filed the instant motion, asking the court to postpone the deposition to December 20.  Borsody states that the delay is necessary so that she may first obtain discovery from FedEx and use it to thoroughly prepare for the deposition.

## II.    LEGAL STANDARDS

Federal Rule of Civil Procedure 26(c) gives courts discretion to enter a protective order establishing the time and place of a deposition.  *See Yomi v. Becerra*, No. 21-2224-DDC, 2022 WL 666858, at *1 (D. Kan. Feb. 28, 2022), *review denied*, No. 21-2224-DDC, 2022 WL 1102657 (D. Kan. Apr. 13, 2022); *Gipson v. Sw. Bell Tel. Co.*, No. 08-2017-KHV, 2008 WL 4499972, at *4 (D. Kan. Oct. 1, 2008) (quoting *In re Standard Metals Corp.*, 817 F.2d 625, 628 (10th Cir. 1987)).  "The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including . . . (B) specifying terms, including time and place . . . for the disclosure or discovery[.]"  FED. R. CIV. P. 26(c).  The party seeking the protective order has the burden to show good cause for its entry.  *Aikens v. Deluxe Fin. Servs., Inc.*, 217 F.R.D. 533, 534 (D. Kan. 2003) (citing *Reed v. Bennett*, 193 F.R.D. 689, 691 (D. Kan. 2000)).  To establish good cause, the party must make "a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements."  *Gulf Oil Co. v. Bernard*, 452 U.S. 89, 102 n.16 (1981)).  "Rule 26(c) confers broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required."  *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984).

### III. ANALYSIS

Borsody has not demonstrated good cause to postpone her noticed deposition. She has made no showing of annoyance, embarrassment, oppression, or undue burden or expense to warrant moving her deposition to December 20 (the last day of discovery).

Borsody asserts that she would like to receive discovery from FedEx before her deposition so that she may "thoroughly review and prepare corresponding responses." But any such review is not necessary. During Borsody's deposition, she will only be expected to answer questions from her own personal knowledge. Nothing "prevents plaintiff from answering that [she] doesn't know or remember the answer to a question, so long as the answer is made in good faith." *Yomi*, 2022 WL 666858, at *2. Moreover, the Federal Rules of Civil Procedure envision that parties will conduct discovery simultaneously—no party has a right to "go last." *See* FED. R. CIV. P. 26(d)(3) ("Unless the parties stipulate or the court orders otherwise for the parties' and witnesses' convenience and in the interests of justice: (A) methods of discovery may be used in any sequence; and (B) discovery by one party does not require any other party to delay its discovery.") "A party may not withhold discovery solely because it has not obtained to its satisfaction other discovery." *Moss v. Blue Cross And Blue Shield of KS, Inc.,* No. 06-4105-JAR, 2007 WL 141020, at *2 (D. Kan. Jan. 17, 2007) (quoting *Pulsecard, Inc. v. Discovery Card Services, Inc.*, 168 F.R.D. 295, 308 (D. Kan.1996)). Thus, with no showing of good cause to delay Borsody's deposition, FedEx may conduct such discovery even while Borsody conducts written and document discovery.

Finally, the court notes that Borsody appears to be confused by the anticipated presence of a FedEx representative at her deposition. As the court explained during the discovery conference, a corporate party may appear at a deposition through a corporate representative. *See* D. Kan. Deposition Guidelines  ("(a) **Who may be present.** Unless otherwise ordered under Fed. R. Civ.

3

P. 26(c), depositions may be attended by . . . the parties or the representative of a party . . . ."); *Toytrackerz LLC v. Koehler*, No. 08-2297-GLR, 2009 WL 1683484, at *1 (D. Kan. June 16, 2009) ("As a corporate party, Plaintiff Toytrackerz LLC has a right to be present by a corporate representative . . . during depositions."). Here, FedEx's representative stands in the shoes of FedEx itself, not as a "witness," as Borsody seems to contemplate.[1]  (ECF 65, at 2.)

Because there is no good cause to delay Borsody's deposition, it will go forward as noticed on November 20.

**IT IS THEREFORE ORDERED** that Borsody's Motion to Reschedule Deposition (ECF 65) is denied.  Borsody must appear for her deposition as noticed on November 20.

Dated November 6, 2024, at Kansas City, Kansas.

s/ Angel D. Mitchell
Angel D. Mitchell
U.S. Magistrate Judge

---

[1] Borsody has not sought a protective order to exclude the corporate representative from the deposition, nor would she likely have been successful if she had, given the substantial presumptive right of parties to be present at depositions.  *See Pearson v. Weischedel*, No. 09-CV-084-B, 2010 WL 11618781, at *2 (D. Wyo. May 24, 2010) (noting that parties should not be excluded from depositions absent "extraordinary and/or exceptional circumstance"); *Visor v. Sprint/United Mgmt. Co.*, 1997 WL 567923, *2 (D. Colo. 1997) (parties have presumptive right to participate in depositions and that right may be curtailed only upon a showing of "compelling or extraordinary circumstances focusing on deponent's countervailing need for protection from party sought to be excluded").