IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ANDRIA BORSODY,

   Plaintiff,

v.

FEDERAL EXPRESS CORPORATION,

   Defendant.

Case No. 24-2073-HLT-ADM

## ORDER

This matter comes before the court on pro se plaintiff Andria Borsody's Motion to Quash Subpoenas for Medical Records. (ECF 64.) By way of this motion, Borsody asks the court to quash subpoenas to produce documents that defendant Federal Express Corporation ("FedEx") issued to Munson Army Health Center (ECF 73-1), Fort Leonard Wood Army Community Hospital (ECF 73-2), Dwight D. Eisenhower Department of Veterans Affairs Medical Center (ECF 73-3), and Fort Leavenworth Armed Forces Wellness Center (ECF 73-4).

Borsody's motion is denied because it was filed in the wrong court. Under Federal Rule of Civil Procedure 45, a motion to quash a subpoena must be filed in "the district where compliance is required." FED. R. CIV. P. 45(d)(3)(A); *see also* FED. R. CIV. P. 45(d)(1) (court for the district where compliance is required must enforce the issuer's duty to take steps to avoid imposing undue burden); FED. R. CIV. P. 45(d)(3)(B) (court for the district where compliance is required may, on motion, quash or modify a subpoena in certain instances); FED. R. CIV. P. 45(g) (providing for a finding of contempt for failure to comply with a subpoena by the court for the district where compliance is required).

Each of the four subpoenas at issue here commands the recipient to produce documents at the law office of Fisher Phillips LLP in Kansas City, Missouri.  (ECF 73-1, at 3; 73-2, at 3; 73-3, at 3; 73-4, at 3.)  Because the place of compliance with the subpoenas (*i.e.*, Kansas City, Missouri) is not in the District of Kansas, this court cannot quash the subpoenas or otherwise provide the relief Borsody requests.  *See, e.g., Tomelleri v. Zazzle, Inc.*, No. 13-CV-02576-EFM-TJJ, 2015 WL 400904, at *2 (D. Kan. Jan. 28, 2015) (holding court lacked authority to determine motions to quash subpoenas to produce documents in Los Angeles and New York City); *N. Ala. Fabricating Co., Inc. v. Bedeschi Mid-W. Conveyor Co., LLC*, No. 16-CV-2740-DDC-TJJ, 2017 WL 11446210, at *1 (D. Kan. Sept. 26, 2017) (holding court had no authority to quash subpoena that required production of documents in Minnesota); *Adams v. Symetra Life Ins. Co.*, No. 19-MC-401-EFM-ADM, 2020 WL 489523, at *3 (D. Kan. Jan. 28, 2020) (ruling "the place of compliance is the location for production identified on the subpoena," and denying without prejudice motion to compel compliance with subpoenas listing Arizona as the place of production).  As such, the motion to quash the subpoenas is denied without prejudice to Borsody refiling it in the district where compliance is required: the United States District Court for the Western District of Missouri.

**IT IS THEREFORE ORDERED** that Borsody's Motion to Quash Subpoenas for Medical Records (ECF 64) is denied without prejudice to refiling in the Western District of Missouri.

**IT IS SO ORDERED.**

Dated November 8, 2024, at Kansas City, Kansas.

s/ Angel D. Mitchell
Angel D. Mitchell
U.S. Magistrate Judge
